■ GEETANJALI MISRA, Respondent-Respondent, v SAMUEL YEDID et al., Defendants, BROWN HARRIS STEVENS RESIDENTIAL SALES LLC et al., Appellants-Respondents, and MASTER APTS., INC., Respondent-Appellant. [831 NYS2d 40]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 17, 2006, which, to the extent appealed from, denied the motions by defendants Brown Harris Stevens Residential Sales and Anderson, and by defendant Masters Apts., for summary judgment dismissing the complaint as to them, and granted plaintiff's cross motion for summary judgment on the seventh cause of action against Masters without limiting damages to a partial rent abatement, unanimously affirmed, without costs.

In this action by the purchaser of a cooperative apartment, defendant realtors' summary judgment motion was properly denied on the ground that plaintiff had presented sufficient circumstantial evidence raising triable issues of fact (see Jablonski v Rapalje, 14 AD3d 484, 486 [2005]; Koeppel v City of New York, 205 AD2d 402 [1994]) as to whether the realtors had actively concealed the noise of a ventilation system located directly above the apartment by tampering with the fan speed.

Plaintiff met her burden of proving that the cooperative violated the warranty of habitability (see Jablonski v Rapalje, 14 AD3d 484 [2005], supra). However, because the remedy for such a breach is not restricted to a rent abatement (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329 [1979], cert denied 444 US 992 [1979]; German v Federal Home Loan Mtge. Corp., 885 F Supp 537, 568 [SD NY 1995]), the court properly held that the amount of damages should be determined at trial.

We have considered the parties' remaining arguments for affirmative relief and find them without merit. Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.